IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DARRELL BELLARD, #428757

          Plaintiff,

   v.                                  \* CIVIL ACTION NO. ELH-17-2115

ROBUISTIANO BARRERA, MD
MAHBOOB ASHRAF, M.D.
KRISTA DAWN SELF, R.N.P.
RICHARD RODERICK, *Acting Warden*

Defendants.

\*\*\*\*\*

**<u>MEMORANDUM</u>**

On July 26, 2017, the self-represented plaintiff, Darrell Bellard, filed a civil rights action under 42 U.S.C. § 1983, seeking declaratory and injunctive relief as well as damages. ECF 1. Bellard, an inmate housed at the North Branch Correctional Institution ("NBCI"), also filed a motion for preliminary injunction (ECF 3, "Motion") as well as a motion for the appointment of counsel. ECF 5.[1]

Bellard alleges in his Complaint that he suffers from rheumatoid arthritis to both knees, resulting in pain, stiffness, tenderness, and swelling. In his motion for preliminary injunction, Bellard alleges that he will be subject to irreparable harm if he is not provided adequate pain medication, a medical cell, and assistive devices, such as a walking cane for his cell and unit and a wheelchair.

On July 28, 2017, the court ordered the Maryland Attorney General to respond to the Complaint and to the Motion. ECF 4. Defendants have complied. ECF 14. Their response is

---

[1] The Court previously granted Bellard's Motion to proceed in forma pauperis. *See* ECF 2; ECF 4.

supported by exhibits, including over 200 pages of medical records. *See* ECF 14-5. Based on the Attorney General's response, the court will deny the Motion.

A preliminary injunction is an extraordinary and drastic remedy. *See Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). To obtain a preliminary injunction, a movant must demonstrate: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam). At its core, plaintiff's injunctive relief request focuses on his alleged need for medication and a cane, without which he may suffer irreparable harm.

"Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at, 22 (citing *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (per curiam)). Plaintiff is receiving medication, occasionally uses a cane, and has been provided therapy designed to increase his mobility. ECF 14-1. Thus, plaintiff cannot support his claim that he is likely to suffer irreparable harm.

Plaintiff also requests appointment of counsel. ECF 5. A district court's power to appoint counsel under 28 U.S.C. § 1915(e)(1)[2] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d

---

[2] Under § 1915(e)(1), a Court of the United States may request an attorney to represent any person unable to afford counsel.

779 (4th Cir. 1975); *see also, Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). However, there is no absolute right to appointment of counsel; an indigent claimant must present "exceptional circumstances." *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel).

Upon careful consideration of the Motion and the previous filings by plaintiff, the court finds that he has demonstrated the wherewithal either to articulate the legal and factual basis of his claims for himself or secure meaningful assistance in doing so. The issues pending before the court are not unduly complicated. Therefore, at this time, there are no exceptional circumstances that would warrant the appointment of an attorney to represent plaintiff under §1915(e)(1).

An Order follows.

Date: November 2, 2017      /s/
                            Ellen L. Hollander
                            United States District Judge